IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARRICK BECK <br> (TDCJ No. 1814381), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-2364-B-BN |
| JAMES WESTBROOK, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference. The undersigned enters the following findings of fact, conclusions of law, and recommendation.

**Background**

Garrick Beck, proceeding *pro se*, brings this civil rights action against Dallas County Sheriff Lupe Valdez, Dallas County Deputy Sheriff James Westbrook, and Dallas County Deputy Sheriff A. Natt alleging that he was subjected to excessive force when he was arrested on June 19, 2012. On July 1, 2014, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 6.

The Court sent written interrogatories to Plaintiff to obtain additional information about the factual basis of this suit. *See* Dkt. No. 8. Plaintiff answered the interrogatories on August 4, 2014. *See* Dkt. No. 10.

Plaintiff originally named Deputy Edward Anaya in his complaint, *see* Dkt. No. 3 at 1, but seeks to dismiss claims against Deputy Anaya and instead name as a defendant Deputy A. Natt, *see* Dkt. No. 9. He also seeks to amend his complaint to more fully allege his claims against Deputies Westbrook and Anaya. *See* Dkt. No. 11.

In his complaint, proposed amended complaint, and interrogatory responses, Plaintiff generally alleges that his constitutional rights were violated when two Dallas County deputy sheriffs kicked him in the sides and back and punched his head during the course of an arrest. *See* Dkt. No. 3 at 4; Dkt. No. 10 at 9; Dkt. No. 11-1 at 4.. Although the arrest took place following a 53-mile chase, Plaintiff contends that he was beaten notwithstanding his voluntary surrender and the fact that he was compliant with the officers' directions. *See* Dkt. No. 10 at 2 & 12-13. As a result, Plaintiff suffered swelling, pain, and persistent headaches. *See id.* at 2. By this lawsuit, he seeks $150,000 in damages. *See id.* at 20.

The undersigned now concludes that Plaintiff's claims against Sheriff Lupe Valdez should be summarily dismissed under 28 U.S.C. § 1915(e)(2). His Motion to Substitute [Dkt. No. 9] and Motion to Amend [Dkt. No. 11] should be granted, and he should be permitted to name as a defendant Deputy A. Natt and dismiss his claims against Deputy Edward Anaya. His excessive force claim against Deputies Westbrook and Natt should proceed and should be served by the United States Marshal pursuant

to Federal Rule of Civil Procedure 4(c)(3). The Clerk of Court should be instructed to enter document 11-1 separately as Plaintiff's amended complaint.

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re*

*Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

**Analysis**

Plaintiff seeks to hold Sheriff Lupe Valdez liable for injuries that he suffered when he was allegedly subjected to excessive force by two deputies. *See* Dkt. No. 3 at 3-4; Dkt. No. 10 at 14; Dkt. No. 11-1 at 4. As a supervisory official, Valdez cannot be sued for civil rights violations unless she (1) affirmatively participated in acts that caused a constitutional deprivation or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff does not allege any personal involvement by this official and has not identified an official policy or custom that resulted in the denial of his constitutional rights. *See* Dkt. No. 3 at 3; Dkt. No. 10 at 14-18; Dkt. No. 11-1 at 3-4. Instead, Plaintiff seeks to hold her liable for the alleged misconduct of others. *See id.* He generally urges that Valdez should be held liable because "she supervises the entire Sheriff's Department; and one of the other Defendants has a history of this type of misconduct [and] she is allegedly ok with this type of behavior from her [employees]."

Dkt. No. 3 at 3; *see also* Dkt. No. 11-1 at 3. But Plaintiff does not allege that Valdez had a personal role in the constitutional violations that are alleged. *See id.*

Valdez cannot be held responsible under Section 1983 for the constitutional violations of subordinates or for failing to take corrective action in response to grievances. *See Campbell v. Tyson*, No. 3:13-cv-1003-M-BN, 2013 WL 2094987, at *3 (N.D. Tex. Apr. 23, 2013) (citing *Mitchell v. Valdez,* No. 3:07-cv-0036-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007)), *rec. adopted*, 2013 WL 2097363 (N.D. Tex. May 14, 2013). When asked to identify any custom or policy that Sheriff Valdez is responsible for, Plaintiff indicates that he is unable to identify any customs or policies without the assistance of counsel. *See* Dkt. No. 10 at 14. Without any personal involvement by Valdez or factual allegations of an unconstitutional policy or procedure, Plaintiff's claims against Valdez should be summarily dismissed.

That leaves Plaintiff's claims against Westbrook and Natt for the use of excessive force. To succeed on an excessive force claim, a plaintiff bears the burden of showing: "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). Without suggesting a view as to whether dismissal may be proper in a different procedural context, the undersigned concludes that Plaintiff has alleged enough facts to survive dismissal at this stage of the proceedings.

**Recommendation**

Plaintiff's claims against Sheriff Lupe Valdez should be summarily dismissed

under 28 U.S.C. § 1915(e)(2). His Motion to Substitute [Dkt. No. 9] and Motion to Amend [Dkt. No. 11] should be granted, and he should be permitted to name as a defendant Deputy A. Natt and dismiss his claims against Deputy Edward Anaya. His excessive force claim against Deputies Westbrook and Natt should proceed, and these two defendants should be served by the United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). The Clerk of Court should be instructed to enter document 11-1 separately as Plaintiff's amended complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 5, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE