IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARRICK BECK<br>(TDCJ No. 1814381), | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| V. | §<br>§ | No. 3:14-cv-2364-B-BN |
| JAMES WESTBROOK, ET AL., | §<br>§<br>§ | |
| Defendants. | § | |

**ORDER GRANTING MOTION FOR LEAVE TO CONDUCT LIMITED
DISCOVERY RELATED TO QUALIFIED IMMUNITY**

Plaintiff Garrick Beck, proceeding *pro se*, alleges through his amended complaint [Dkt. No. 19] that Dallas County Sheriff Deputies James Westbrook and Ajit Natt, while arresting him after he voluntarily surrendered following a 53-mile chase, used excessive force against him in violation of 42 U.S.C. § 1983. Following screening, the amended complaint was served. And Deputies Westbrook and Natt answered on February 4, 2015 and asserted the affirmative defenses of absolute immunity and qualified immunity.

On March 18, 2015, the Court referred the determination of Defendants' entitlement to immunity from suit to the undersigned United States magistrate judge, for hearing, if necessary, and recommendation or determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 28.

The next day, the undersigned issued an order directing Defendants to file a motion for summary judgment on their affirmative defenses by April 20, 2015 and

generally staying discovery pending a ruling on the motion for summary judgment. *See* Dkt. No. 29.

While the undersigned's order contemplated that Plaintiff could move to conduct limited discovery to allow him to respond to the qualified immunity issues once raised in the summary judgment motion, *see id.* at 3 (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)), instead, Defendants have now filed a motion for leave to conduct limited discovery pertinent to the issue of qualified immunity, *see* Dkt. No. 30.

"[T]he driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)) (quotation modified). Because of this "immunity from suit," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), discovery is typically stayed. But, through the filing their motion, it appears that Defendants assert that the limited discovery they request – (1) Plaintiff's medical records from the date of his arrest to present and (2) video in the possession of third parties documenting the events of Plaintiff's arrest – is needed to establish the threshold question of qualified immunity to the claim of excessive force.

Although the Court presumes, pursuant to Local Civil Rule 7.1(b)(3), that Plaintiff opposes the relief requested, the Court GRANTS Defendants leave to conduct the limited discovery specified in the motion [Dkt. No. 30].

The previous deadline to file a motion for summary judgment, April 20, 2015, is VACATED.

And the Court ORDERS Defendants to file no later than **April 27, 2015** an written notice regarding the progress of their discovery efforts and specifying when they anticipate filing a motion for summary judgment on their affirmative defenses.

SO ORDERED.

DATED: March 25, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE