IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARRICK BECK<br>(TDCJ No. 1814381), | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| V. | §<br>§ | No. 3:14-cv-2364-B |
| JAMES WESTBROOK, ET AL., | §<br>§<br>§ | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

On March 18, 2015, United States District Judge Jane J. Boyle referred the determination of Defendants' entitlement to immunity from suit to the undersigned United States magistrate judge for hearing, if necessary, and recommendation or determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 28. As a result of Plaintiff Garrick Bell's continuous failures to obey numerous orders of the Court – issued by the undersigned and directly related to the immunity determination referred to the undersigned – Defendant James Westbrook moved the Court to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See* Dkt. No. 50. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Rule 41(b) motion to dismiss should be granted in part and denied in part and that Plaintiff's action should be dismissed without prejudice.

**Background**

On May 26, 2015, Defendants Westbrook and Ajit Natt filed a motion for summary judgment pursuant to the Court's order requiring a motion to address their

affirmative defenses of absolute and qualified immunity. *See* Dkt. Nos. 28 & 29. On May 27, 2015, Plaintiff was ordered to file a response no later than June 26, 2015, to indicate whether he needed limited discovery in order to respond to the qualified immunity issues raised in the summary judgment motion. *See* Dkt. No. 43.

Prior to entry of the May 27, 2015 Order, electronic records from the Texas Department of Criminal Justice (the "TDCJ") indicated that Plaintiff was scheduled to be discharged from custody on June 19, 2015. Current inmate information from TDCJ does not indicate that Plaintiff is incarcerated in a particular unit, and numerous orders the Court has entered, since June 26, 2015, have been returned as undeliverable. *See* Dkt. No. 47, 49, 54, & 55.

Because no response was filed to the Court's May 27, 2015 Order, the Court, on August 3, 2015, extended the deadline for Plaintiff to indicate whether he needed limited discovery in order to respond to the qualified immunity issues to August 24, 2015. *See* Dkt. No. 48. In that order, Plaintiff was cautioned that

> [a]lthough Plaintiff's custody situation may have changed, he is not relieved from advising the Court as to any change of address, and he is not relieved from following orders of this Court and from prosecuting his lawsuit.
> Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte*, "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (Section 1983 action) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

> Where months pass without any contact by a plaintiff and all mail sent to a plaintiff within the same time period – at the only address plaintiff provides – is returned as undeliverable, the court has no option but to conclude that plaintiff has abandoned the prosecution of his lawsuit. *See Wingert v. Lebanon Cnty. Corr. Facility Med. Dep't*, No. 3:cv-07-0224, 2007 WL 674508, at *1 (M.D. Pa. Feb. 28, 2007).

*Id.* at 2.

The August 3, 2015 Order [Dkt. No. 48] is among those orders returned to the Court as undeliverable to Plaintiff. *See* Dkt. No. 49.

Defendant Westbrook moved to dismiss this action pursuant to Rule 41(b) on August 14, 2015. *See* Dkt. No. 50. On August 17, 2015, the Court entered an order directing Plaintiff to file a written response to the motion by September 14, 2015. *See* Dkt. No. 51 (again noting that "[t]he failure to respond to the motion or notify the Court as to any change in address subjects this action to dismissal, pursuant to Rule 41(b), for failure to prosecute and obey orders of the Court"). The August 17, 2015 Order [Dkt. No. 51] is also among those orders returned to the Court as undeliverable to Plaintiff. *See* Dkt. No. 54.

## Legal Standards and Analysis

A district court has authority to dismiss a case for want of prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice

is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

"Several" of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. American Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)) (other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F.2d at 1191 n.6 (citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal[,]" whereas Clewis's conduct was "intentional and willing").

Plaintiff's failure to respond to the Court's numerous orders, as documented above, has prevented this action from proceeding, and he therefore has failed to prosecute his lawsuit and obey the Court's order. But, although Defendant Westbrook

-4-

has moved for dismissal with prejudice, *see* Dkt. No. 50 (failing to explain why this action should be dismissed "with prejudice"), the undersigned cannot find, based on the record documented above, that Plaintiff's refusal to comply with the Court's orders was willful or in bad faith, *see Wingert*, 2007 WL 674508, at *1, that Plaintiff's failure to comply with orders of the Court substantially prejudices Defendants, or that dismissal with prejudice is the only sanction that substantially achieves the desired deterrent effect here – compliance with court orders and diligent prosecution of a lawsuit initiated in federal court, *see Doe*, 283 F. App'x at 291.

Therefore, a Rule 41(b) dismissal of Plaintiff's lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile; the Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's order.

## Recommendation

The Court should grant in part and deny in part the Rule 41(b) motion to dismiss [Dkt. No. 50] and dismiss Plaintiff's action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 6, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE